November 23, 2009

Objection to Confirmation Hearing

RE: Bankruptcy Case #09-33772-MS
Shaketa Brown
Essex County, New Jersey

Dear Judge Stern:

My name is Amina R. Ahmad. I am the domestic partner of the Debtor, Shaketa Brown. I have a copy of her Bankruptcy petition as we are currently in litigation and the information on her petition is incorrect. She listed ownership of the property incorrectly, excluded financial information, answered questions incorrectly, excluded and undervalued personal property.

According to her attorney, I am now a "creditor" but am neither listed on her petition as a creditor or co-owner. If I am a "creditor", then I have been denied my right to a 341 Meeting.

She has filed for reinstatement, hearing was 11/19/2009 at 11:00am, with Judge Stern, reinstatement was granted and she is now awaiting a Confirmation Hearing date.

I have filed a motion for Termination of Domestic Partnership and Equitable Distribution of Property (FM-07-2554-08) on 5/8/2008. She has failed to provide the court ordered documents for the Case Information Statement dated 6/2/09 and the Interrogatories/Notice to Produce Documents served 5/26/09.
I believe she is using the bankruptcy as a means to avoid court appearances which includes producing those financial documents and the questioning of her finances. In August 2008, Ms. Brown discontinued paying the mortgage, without my knowledge, but continues collecting rental income ($1,500.00) from the 2nd floor tenant (Ramona Rogers). In December 2008, rent receipts and the tenant's lease was requested but never provided, which is the only proof of S. Brown receiving income and any bank records, if those monies were deposited. I believe that may be the case as S. Brown has not complied with any court orders/requirements mandated where she must provide financial documents, such as the case of her petition. To me this pattern clearly shows a concealment of assets on her part.

For this reason I object to Shaketa Brown's bankruptcy petition and am requesting an investigate of her financial records. Please find attached all last known supporting documents in my possession

regarding debtor's finances.


Respectfully,

Amina R. Ahmad
70 Warrington Place
East Orange, NJ 07017
email: asj96821@gmail.com
Cell: 862-452-5280

pg. 8 Schedule A –
Property is incorrectly listed as "Fee Simple", the subject property is jointly-owned
Deed dated 10/31/2003, Recorded 12/2/2003, Essex County Register, Inst# 925788 Book# 6022 Page# 172 (Exhibit A)
Mortgage/Note, Inst # 6188296 recorded on 12/29/06 Book# 12014 Page# 7192 (Exhibits B, B-1)

Schedule B - Questions 1, 4, 5, 8, 21, 25,

1. September 2007: Debtor discontinued direct deposits of her salary from the joint-account accruing monies from this date to March 2007
   December 2006: Debtor received $40,000.00 of the $60,142.87 refinance monies
   August 2008: Debtor discontinued paying the mortgage, collecting rent from this date to present ($1,500.00 rental income)

2. Auto – 2004 Hyundai Santa Fe listed on petition worth $4,000.00, Kelley Blue Book values vehicle at $9,490.00 (see Exhibit C)

Bank Accounts listed on petition
**Aspire FCU** (formerly FAA Eastern Region FCU)
67 Walnut Ave. Suite 401, Clark, NJ, 07066
Phone: **732-388-0477** Fax: 732 388-2062 Toll Free: **888 322-3732**

**Jersey Central FCU**
23 North Ave East, Cranford, NJ, 07016
Phone: **908-272-3040** Fax: 908-272-6029 Toll Free: **888-772-3040**

**Accounts not listed, but may still be active**

**PNC Bank** Account opened 11/2003 (attached to the Joint Account)

Account # 8026692558

**TD Bank (Commerce)** opened 12/2006 re-financed check cashed, and an account was opened and monies deposited. Account # unknown

Debtor may have a safety deposit box or placed funds in her daughter's name, Mahasin Aaliyah Brown, DOB 10-14-1991.

Debtor's daughter, 14 years at that time, has not lived with Debtor since 2007, (some time after March 2007 when I moved out, daughter was uncontrollable). In 2008, I was told daughter was sent to "Job Corp in upstate New York".

pg 19 - Schedule H – co-signer, Amina Ahmad not listed on petition

pg.22 - Schedule J – no repairs or maintenance are being completed4,9,food,

17.other – Timeshare monthly payment is listed but not on Schedule G

page 24 statement 2 -

August 2008 to present) amassed estimation to be $25,500.00

In 2008, tenant, Ramona Rogers, informed me that she pays her rent "in cash" monthly and agreed to provide copies of rent receipts and rental lease, but she also did not provide those documents when requested by my attorney. Ms. Roger's rent receipts and the Debtor's bank statements are the only proof of rent income

pg 25 Missing lawsuit

Amina Ahmad vs Shaketa Brown (Case # FM-07-2554-08)

filed 5/9/2008, her countersuit dated 1/26/2009 (with a request for time to file answer)

Court Management Order has not be completed by defendant, current status:

- 6/2/2009: missing documentation with the Case Information Statement (see Exhibits D, D-1,D-2)
- 7/30/2009: but debtor has not answered court ordered Interrogatories and Demand for Production of Documents
- 6/3/2009: telephone conference with plaintiff's and defendant's attorneys, when plaintiff's attorney inquired about collected rental income, still no definitive answer as to where those funds are
- 8/28/2009: Debtor's attorney's letter stated S. Brown's intention to file bankruptcy and that she will be "unavailable" for the court ordered depositions due 9/1/2009
- 9/8/2009: a motion to strike her answers to Interrrogatories and

Demand for Production of Documents due to not producing those documents was filed 9/8/09, with copy forwarded to Debtor's attorney

- 9/9/2009: Debtor filed an electronic bankruptcy petition, without proper documentation, once again, thereby receiving an automatic stay
- 10/13/2009: Debtor's petition dismissed due to missing documentation
- 11/19/2009: Re-reinstatement granted – informed the case is ongoing, awaiting Confirmation Hearing

<u>pg 26</u>

Debtor paid $1,800.00 to attorney, has a 0 balance

Debtor has 3 attorneys

Lou Capazzi – Real Estate

Stephen J. Hyland – Divorce

John F. Wise – Bankruptcy

<u>pg 27:</u> Statement 14 – missing property information (see Exhibit E)

Sciota Village at Big Valley

Timeshare owners - Amina Ahmad/Shaketa Brown

Contact 570-992-5659 for Reservations which is open Fridays, Saturdays, Sundays only from 9am-5pm speak to Eleanor, she can provide dates of vacations already taken

Account # 21542325 (assigned vacation is yearly, falling under the "White Season"

Debtor vacationed from 11/29/2008 to 12/5/2008 and may have recently some time this month, Reservations can verify dates

Debtor's Case Information Statement is included, finances differ from those listed on petition for Case FM-07-2554-08.

B6B (Official Form 6B) (12/07)

Shaketa Brown
Debtor

Case No. ______

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X (circled) | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Chase (savings) | - | 100.00 |
| | | Chase (checking) | - | 1,000.00 |
| | | Aspire FCU (checking) | - | 800.00 |
| | | Aspire FCU (savings) | - | 100.00 |
| | | Jersey Control FCU | - | 500.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Miscellaneous | - | 8,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X (circled) | see attached pictures/screen shots of paintings, books, Compact Discs | | |
| 6. Wearing apparel. | | Miscellaneous | - | 200.00 |
| 7. Furs and jewelry. | | Miscellaneous (Jewellery) | - | 500.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Treadmill | - | 200.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total > 11,400.00
(Total of this page)

2 continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

Shaketa Brown
Debtor

Case No. ______

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2004 Hyundai Santa Fe (51k mi.) | - | 4,000.00 (circled) |
| 26. Boats, motors, and accessories. | X | see attached Kelley Blue book value listed vehicle at $9,490 | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | Computer | - | 200.00 |
| | | Jewellery Inventory (stones & crystals) | - | 800.00 |

Sub-Total > 5,000.00
(Total of this page)
Total > 27,980.84

Sheet 2 of 2 continuation sheets attached to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

Exhibit A

D925788

Prepared By:
Christopher D. Garotra, Esq.
Attorney at Law
State of New Jersey

**DEED**

Instr# 925788 Carole A. Graves
Recorded/Filed MH 1 Essex County Register
12/02/2003 10:43:2 Bk 6022 Pg 172 #Pgs 5 AR

*This Deed is made on* OCTOBER 31, 2003

*BETWEEN*

*MARVIN ARCHIE, EXECUTOR OF THE ESTATE OF ISAAC H. HUTCHINSON*

*whose address is 55 NORTH 21ST STREET, EAST ORANGE, NEW JERSEY 07019*

*referred to as the Grantor,*

| | | |
|---|---|---|
| Consideration: | 175950.00 | R |
| County: | 176.00 | |
| State: | 440.00 | |
| N.P.R.F.: | 39.00 | |
| Realty Tax: | 774.20 | |
| Fees: | 80.00 | |

*AND*

*SHAKETA BROWN AND AMINA AHMAD*

*whose address is about to become is 55 NORTH 21ST STREET, EAST ORANGE, NEW JERSEY 07019*

*referred to as the Grantee.*

*The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.*

*Grantor. The Grantor makes this Deed as the Personal Representative of the Estate of Isaac H. Hutchinson, who died on JANUARY 21, 2001, late of the City of East Orange, County of Essex and State of New Jersey. Letters of Testamentary were issued to the Grantor herein by the Surrogate of Essex County on MAY 24, 2002.*

B6B (Official Form 6B) (12/07) - Cont.

Shaketa Brown
Debtor

Case No. ______

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | 457 Plan | - | 11,580.84 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | Debtor/Defendant's Counterclaim no listed | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X (circled) | | | |

Sub-Total > 11,580.84
(Total of this page)

Sheet 1 of 2 continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

Exhibit B

TREASURER'S CHECK

NOTICE TO CUSTOMERS

Commerce Bank

COMPLETE TITLE AGENCY, LLC

S. Brown received $40,000 12/2006

84-01029

NON-NEGOTIABLE

12/11/06

**960,142.87**

20285

84-01042

NON-NEGOTIABLE

A. Ahmad received $20,000 12/2006

ESSEX COUNTY REGISTER'S OFFICE
HALL OF RECORDS, ROOM 130
465 MARTIN LUTHER KING Jr. Blvd
NEWARK NJ 07102

| INSTRUMENT NUMBER: 6188296 | DOCUMENT TYPE: MORTGAGE | |
|---|---|---|
| Official Use Only | Return Address (for recorded documents) COMPLETE TITLE AGENCY, LLC 1460 ROUTE 9 NORTH,STE 303 WOODBRIDGE NJ 07095 | |
| CAROLE A. GRAVES, REGISTER ESSEX COUNTY, NJ INSTRUMENT NUMBER 6188296 RECORDED ON December 29, 2006 11:36 am BOOK:12014 PAGE:7192 | No. Of Pages (excluding Summary Sheet) | 22 |
| | Recording Fee (excluding Transfer Tax) | $240.00 |
| | Realty Transfer Tax | $0.00 |
| | Amount Charged (Check # 0292) | $240.00 |
| | Parcel Information | Block / Lot |
| MAIL COPY / NO COPY / ENVELOPE | First Party Name | SHAKETA BROWN (Primary Borrower) |
| | Second Party Name | BNC MORTGAGE INC |
| ADDITIONAL STAMPINGS | Additional Information (Official Use Only) | |

******* DO NOT REMOVE THIS PAGE. *******
COVER SHEET (DOCUMENT SUMMARY FORM) IS PART OF ESSEXCOUNTY FILING RECORD
******* RETAIN THIS PAGE FOR FUTURE REFERENCE. *******

6188296 - Page 1 of 23 (1 of 23)

Exhibit B-1

Return To:
BNC MORTGAGE, INC.
P.O. BOX 19656
IRVINE, CA 92623-9656

RIR

Prepared By:

COMPLETE TITLE AGENCY, LLC
1460 RT. 9 N., SUITE 303
WOODBRIDGE, NJ 07095

CT06-3048.

[Space Above This Line For Recording Data]

MORTGAGE

MIN 100122200002954789

Loan No.: NNJ014169

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated December 6, 2006 together with all Riders to this document.
(B) "Borrower" is SHAKETA BROWN AND AMINA AHMAD.

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

NEW JERSEY - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS Form 3031 1/01

signatures (initials on record)

6188296 - Page 2 of 23 (2 of 23)

FILED
DEC 02 2008
SUPERIOR COURT CLERK'S OFFICE

CAD-3645
Phelan Hallinan and Schmieg, P.C.
400 Fellowship Road, Suite 100
Mount Laurel, NJ 08054
(856) 813-5500
Attorneys for Plaintiff

| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BNC MORTGAGE LOAN TRUST 2007-1 PLAINTIFF<br><br>Vs.<br><br>SHAKETA BROWN; MR. BROWN, HUSBAND OF SHAKETA BROWN; AMINA AHMAD; MR. AHMAD, HUSBAND OF AMINA AHMAD DEFENDANT(S) | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION ESSEX COUNTY<br><br>DOCKET NO: F- 47434-08<br><br>CIVIL ACTION FORECLOSURE COMPLAINT |
|---|---|

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BNC MORTGAGE LOAN TRUST 2007-1, having its place of business at 10790 RANCHO BERNARDO RD, SAN DIEGO, CA 92127, by way of Complaint says:

FIRST COUNT

1. On December 6, 2006, SHAKETA BROWN executed to BNC Mortgage, Inc. an obligation (NOTE), to secure the sum of $315,000.00, payable on January 1, 2037, with the initial rate of interest of 9.000% per annum, payable by payments of $2,389.50 per month for interest and principal. The Note further provides for a late charge of 5 percent for any payment not received 15 days from the date due.

2. To secure the payment of the obligation described in Paragraph 1, SHAKETA BROWN and AMINA AHMAD executed to Mortgage Electronic Registration Systems Inc. as

Exhibit C

**Estelle Flynn Lord, Esq.**
111 Quimby Street, Suite #1
Westfield, New Jersey 07090
(908) 654-3883
Attorney for:

SEP 11

| | |
|---|---|
| Plaintiff<br>AMINA AHMAD<br>v.<br>Defendant<br>SHAKETAH BROWN | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY<br>CHANCERY DIVISION, FAMILY PART<br>DOCKET NO.: FM-07-2554-08<br><br>CIVIL ACTION<br>NOTICE OF MOTION TO STRIKE DEFENDANT'S ANSWERS AND BAR DEFENSES |

**TO: Stephen J. Hyland, Esq.**
**212 Haddon Avenuem Suite 1**
**Westmont, New Jersey 08108**

PLEASE TAKE NOTICE that on September 25, 2009, at 9:00 a.m. or as soon thereafter as counsel may be heard, Estelle Flynn Lord, Esq., attorney for plaintiff, shall apply to the above Court located at 2 Broad Street, Elizabeth, New Jersey, before the Hon. Nancy Sivilli, for an Order as follows:

1. Striking defendant's answers and defenses for failure to provide answers and responses to plaintiff's interrogatories and Demand for Production of Documents pursuant to the New Jersey Rules of Court.
2. Requiring defendant to pay plaintiff's full counsel fees and costs of the within motion.

Plaintiff shall rely upon the certifications of counsel.

Oral argument is requested if timely objection is filed.

Dated: 9/3/09

Estelle Flynn Lord, Esq.
Attorney for Plaintiff

2004 Hyundai Santa Fe - Suggested Retail Value - Kelley Blue Book http://www.kbb.com/KBB/UsedCars/PricingReport.aspx?WebCategor...

**Kelley Blue Book**
THE TRUSTED RESOURCE

Home | New Cars | Used Cars | Research & Explore | News & Reviews | Dealers & Inventory | Classifieds | Loans

Used Car Prices | Search Used Car Listings | Certified Pre-Owned | Compare Vehicles | Perfect Car Finder | Most Researched Vehicles | CAR

Welcome Back | Sign In | Create Account | My KBB ZIP Code: 07017 Recently Viewed You Might Also Like

FOLLOW THE STAMPEDE TRUCK MONTH GOING ON NOW! ROLL OVER TO GET 'EM

Home > Used Cars > SUVs > Hyundai > Santa Fe > 2004 > Sport Utility 4D Save Vehicle Print

**2004 Hyundai Santa Fe Sport Utility 4D**

Trade-In Value
Private Party Value
**Suggested Retail Value**
Photo Gallery
Compare Vehicles
Blue Book Review
Consumer Ratings
Find Your Next Car
Specifications

BLUE BOOK SUGGESTED RETAIL VALUE

| Condition | Value |
|---|---|
| Excellent | $9,490 |

Suggested Retail Value Assumes Excellent Condition... More

More Photos

NEXT STEP: SEARCH LOCAL LISTINGS

Shopping Tools
Free CARFAX Record Check
Auto Loan from 5.59% APR
Get a Free Insurance Quote
Payment Calculator
Extended Warranty Quote

Free CARFAX Record Check Powered by CARFAX
VIN:
No VIN? No Problem!

BUY A USED CAR
On Blue Book Classifieds
Hyundai
Santa Fe
50 Miles
ZIP Code 07017
To View Ads, Click

Average Consumer Rating (366 Reviews) Read Reviews
4.6 out of 5 Review this Vehicle

Similar New Vehicles
2009 Hyundai Santa Fe — Photos, Review, Incentives
2009 Dodge Journey — Photos, Review, Incentives
More Results

FIND THE RIGHT CAR
Compare Used vs. New
$5,000 to $10,000
Both New and Used
Crossover

Check out the incentives available on a new 2009 Hyundai Santa Fe

Vehicle Highlights

1 of 5 9/17/2009 7:43 AM

Debtor did not produce court ordered documents [redacted] ordered on 5/26/09. She filed a bankruptcy petition on 9/9/09

Undervalued 2004 Hyundai Santa Fe listed on petition

Case# FM-07-2554-08
S. Ross CIS Financial statement of Shakita Brown
pg. 1

Exhibit D

# FAMILY PART CASE INFORMATION STATEMENT

Attorney(s): LAW OFFICES OF STEPHEN J. HYLAND
Office Address 212 HADDON AVENUE, SUITE 1
Tel. No./Fax No. 856-854-7600
Attorney(s) for: DEFENDANT, SHAKETA BROWN

| | |
|---|---|
| AMINA AHMAD | Plaintiff, |
| vs. | |
| SHAKETA BROWN | Defendant. |

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION, FAMILY PART
ESSEX COUNTY

DOCKET NO.
CASE INFORMATION STATEMENT
OF DOMESTIC PARTNERSHIP TERMINATION

NOTICE: This statement must be fully completed, filed and served, with all required attachments, in accordance with Court Rule 5:5-2 based upon the information available. In those cases where the Case Information Statement is required, it shall be filed within 20 days after the filing of the Answer or Appearance. Failure to file a Case Information Statement may result in the dismissal of a party's pleadings.

6/2/09

## PART A - CASE INFORMATION:

Date of Statement 06/02/2009
Date of Divorce (post-Judgment matters)
Date(s) of Prior Statement(s)

Your Birthdate 10/30/1971
Birthdate of Other Party 10/22/1956
Date of Marriage 10/26/2004
Date of Separation 3/01/2007
Date of Complaint 05/09/2008
Does an agreement exist between parties relative to any issue? [ ] Yes [ ] No. If Yes, ATTACH a copy (if written) or a summary (if oral).

ISSUES IN DISPUTE:
Cause of Action DOMESTIC PARTNERSHIP TERMINATION
Custody
Parenting Time
Alimony
Child Support
Equitable Distribution REGARDING RENTAL PROPERTY
Counsel Fees
Other issues [be specific]

1. Name and Addresses of Parties:
Your Name SHAKETA BROWN
Street Address 55 NORTH 21ST STREET City East Orange State/Zip NJ 07017
Other Party's Name AMINA RAHYAH AHMAD
Street Address 70 WARRINGTON PLACE City East Orange State/Zip NJ 07017

2. Name, Address, Birthdate and Person with whom children reside:
*a. Child(ren) From This Relationship*

| Child's Full Name | Address | Birthdate | Person's Name |
|---|---|---|---|
| | | | |

*b. Child(ren) From Other Relationships*

| Child's Full Name | Address | Birthdate | Person's Name |
|---|---|---|---|
| MAHASIN BROWN | | 10/14/1991 | SHAKETA BROWN |
| SHAKIRA AHMAD | | | Amina Ahmad/Nasheed Ahmad |
| SHAHIDA AHMAD | | | Amina Ahmad/Nasheed Ahmad |

Revised Family CIS [corrected copy]
Adopted July 28, 2004 to be Effective September 1, 2004

## PART B - MISCELLANEOUS INFORMATION:

1. Information about Employment (Provide Name & Address of Business, if Self-employed)
Name of Employer/Business NEW JERSEY TRANSIT Address ONE RAYMOND PLAZA WEST, NEWARK NJ 07102
Name of Employer/Business Address

2. Do you have insurance obtained through Employment/Business? [ ] Yes [ ] No. Type of Insurance:
Medical [ ] Yes [ ] No; Dental [ ] Yes [ ] No; Prescription Drug [ ] Yes [ ] No; Life [ ] Yes [ ] No; Disability [ ] Yes [ ] No
Other (explain)
Is Insurance available through Employment/Business? [ ] Yes [ ] No Explain:

3. ATTACH Affidavit of Insurance Coverage as required by Court Rule 5:4-2 (f) (See Part G)

4. Additional Identification:
Confidential Litigant Information Sheet: Filed [ ] Yes [ ] No

5. ATTACH a list of all prior/pending family actions involving support, custody or Domestic Violence, with the Docket Number, County, State and the disposition reached. Attach copies of all existing Orders in effect.

## PART C. - INCOME INFORMATION:

Complete this section for self and (if known) for spouse.

1. LAST YEAR'S INCOME

| | Yours | Joint | Spouse or Former Spouse |
|---|---|---|---|
| 1. Gross earned income last calendar (year) | $68,106.01 | $ | $ |
| 2. Unearned income (same year) | $18,000.00 | $ | $ |
| 3. Total Income Taxes paid on income (Fed., State, F.I.C.A., and S.U.I.). If Joint Return, use middle column. | $9,438.78 | $ | $ |
| 4. Net income (1 + 2-3) | $96,667.22 | $ | $ |

ATTACH to this form a corporate benefits statement as well as a statement of all fringe benefits of employment. (See Part G)

ATTACH a full and complete copy of last year's Federal and State Income Tax Returns. ATTACH W-2 statements, 1099's, Schedule C's, etc., to show total income plus a copy of the most recently filed Tax Returns. (See Part G)
Check if attached: Federal Tax Return [ ] State Tax Return [ ] W-2 [ ] Other [ ]

2. PRESENT EARNED INCOME AND EXPENSES

| | Yours | Other Party (if known) |
|---|---|---|
| 1. Average gross weekly income (based on last 3 pay periods – ATTACH pay stubs) Commissions and bonuses, etc., are: [ ] included [ ] not included* [ ] not paid to you. | $1,699.95 | $ |

*ATTACH details of basis thereof, including, but not limited to, percentage overrides, timing of payments, etc. ATTACH copies of last three statements of such bonuses, commissions, etc.

| | Yours | Other Party (if known) |
|---|---|---|
| 2. Deductions per week (check all types of withholdings): [ ] Federal [ ] State [ ] F.I.C.A. [ ] S.U.I. [ ] Other | $474.69 | $ |
| 3. Net average weekly income (1 - 2) | $940.01 | $ Net is incorrect 1699 - 474 = $1225.26 |

3. YOUR CURRENT YEAR-TO-DATE EARNED INCOME

Provide Dates: From 06/02/2009 To
Number of Weeks 22

1. GROSS EARNED INCOME: $20,507.50
2. TAX DEDUCTIONS: (Number of Dependents: 1 )

Adopted 7/28/04 to be Effective 9/1/04

| | | |
|---|---|---|
| a. Federal Income Taxes | a. | $ 2,298.87 |
| b. N.J. Income Taxes | b. | $ 873.82 |
| c. Other State Income Taxes | c. | $ 1,257.08 |
| d. FICA | d. | $ 790.74 |
| e. Medicare | e. | $ 250.99 |
| f. S.U.I. / S.D.I. | f. | $ |
| g. Estimated tax payments in excess of withholding | g. | $ |
| h. | h. | $ |
| i. | i. | $ |
| TOTAL | | $ 5,316.45 |

3. GROSS INCOME NET OF TAXES $ $

4. OTHER DEDUCTIONS

| | | | If mandatory, check box |
|---|---|---|---|
| a. Hospitalization/Medical Insurance | a. | $ 231.84 | [X] |
| b. Life Insurance | b. | $ | [ ] |
| c. Union Dues | c. | $ 188.50 | [X] |
| d. 401(K) Plans | d. | $ | [ ] |
| e. Pension/Retirement Plans | e. | $ 1,022.87 | [X] |
| f. Other Plans – specify | f. | $ | [ ] |
| g. Charity | g. | $ | [ ] |
| h. Wage Execution | h. | $ | [ ] |
| i. Medical Reimbursement (flex fund) | i. | $ | [ ] |
| j. Other: | j. | $ | [ ] |
| TOTAL | | $ 1,443.21 | |

5. NET YEAR-TO-DATE EARNED INCOME: $ 13,547.64
NET AVERAGE EARNED INCOME PER MONTH: $ 3,386.91
NET AVERAGE EARNED INCOME PER WEEK $ 967.69

4. YOUR YEAR-TO-DATE GROSS UNEARNED INCOME FROM ALL SOURCES (including, but not limited to, income from unemployment, disability and/or social security payments, interest, dividends, rental income and any other miscellaneous unearned income)

| Source | How often paid | Year to date amount |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

TOTAL GROSS UNEARNED INCOME YEAR TO DATE $

Adopted 7/28/04 to be Effective 9/1/04

5. ADDITIONAL INFORMATION:

1. How often are you paid? WEEKLY
2. What is your annual salary? $ 59,945.60
3. Have you received any raises in the current year? [ ] Yes [ ] No. If yes, provide the date and the gross/net amount.
NEXT INCREASE ON OR ABOUT JULY 2009
4. Do you receive bonuses, commissions, or other compensation, including distributions, taxable or non-taxable, in addition to your regular salary? [ ] Yes [ ] No. If yes, explain:
5. Did you receive a bonuses, commissions, or other compensation, including distributions, taxable or non-taxable, in addition to your regular salary during the current or immediate past calendar year? [ ] Yes [ ] No If yes, explain and state the date(s) of receipt and set forth the gross and net amounts received:
6. Do you receive cash or distributions not otherwise listed? [ ] Yes [ ] No If yes, explain.
7. Have you received income from overtime work during either the current or immediate past calendar year? [ ] Yes [ ] No If yes, explain. OVERTIME FROM LAST YEAR AND THIS YEAR INCLUDED IN TOTALS
8. Have you been awarded or granted stock options, restricted stock or any other non-cash compensation or entitlement during the current or immediate past calendar year? [ ] Yes [ ] No If yes, explain.
9. Have you received any other supplemental compensation during either the current or immediate past calendar year? [ ] Yes [ ] No. If yes, state the date(s) of receipt and set forth the gross and net amounts received. Also describe the nature of any supplemental compensation received.
10. Have you received income from unemployment, disability and/or social security during either the current or immediate past calendar year? [ ] Yes [ ] No. If yes, state the date(s) of receipt and set forth the gross and net amounts received.
11. List the names of the dependents you claim: MAHASIN ALIYAH BROWN
12. Are you paying or receiving any alimony? [ ] Yes [ ] No. If yes, how much and to whom paid or from whom received?
13. Are you paying or receiving any child support? [ ] Yes [ ] No. If yes, list names of the children, the amount paid or received for each child and to whom paid or from whom received.
14. Is there a wage execution in connection with support? [ ] Yes [ ] No If yes explain
15. Has a dependent child of yours received income from social security, SSI or other government program during either the current or immediate past calendar year? [ ] Yes [ ] No. If yes, explain the basis and state the date(s) of receipt and set forth the gross and net amounts received
16. Explanation of Income or Other Information:

Adopted 7/28/04 to be Effective 9/1/04

Case # FM-07-2554-08
S. Brown's CIS - Financial Statement Pg. 2

Exhibit D-1

PART D - MONTHLY EXPENSES (computed at 4.3 wks/mo.)

Joint Marital Life Style should reflect standard of living established during marriage. Current expenses should reflect the current life style. Do not repeat those income deductions listed in Part C – 3.

| | Joint Marital Life Style Family, including 0 children | Current Life Style Yours and 0 children |
|---|---|---|
| **SCHEDULE A: SHELTER** | | |
| *If Tenant:* | | |
| Rent | $ | $ |
| Heat (if not furnished) | $ | $ |
| Electric & Gas (if not furnished) | $ | $ |
| Renter's Insurance | $ | $ |
| Parking (at Apartment) | $ | $ |
| Other charges (Itemize) | $ | $ |
| *If Homeowner:* | | |
| Mortgage | $2,399.00 | $ SAME |
| Real Estate Taxes (if not included w/mortgage payment) | $270.00 | $ " |
| Homeowners Ins (if not included w/mortgage payment) | $ | $ |
| Other Mortgages or Home Equity Loans | $110.00 | $ " |
| Heat (unless Electric or Gas) | $ | $ |
| Electric & Gas | $380.00 | $ " |
| Water & Sewer | $80.00 | $ " |
| Garbage Removal | $ | $ |
| Snow Removal | $50 PER STORM | $ " |
| Lawn Care | $30 BIWEEKLY | $ " |
| Maintenance | $AS NEEDED | $ " |
| Repairs | $ | $ |
| Other Charges (Itemize) | $50.00 MAINT. PLAN | $ " |
| *Tenant or Homeowner:* | | |
| Telephone | $ | $ |
| Mobile/Cellular Telephone | $160.00 | $ SAME |
| Service Contracts on Equipment | $ | $ |
| Cable TV | $70.00 | $ |
| Plumber/Electrician | $AS NEEDED | $ |
| Equipment & Furnishings | $ | $ |
| Internet Charges | $39.00 | $ |
| Other (itemize) | $ | $ |
| TOTAL | $3,538.00 | $ |

Joint Marital Lifestyle is false, they are Current life

| | | |
|---|---|---|
| **SCHEDULE B: TRANSPORTATION** | | |
| Auto Payment | $ | $ |
| Auto Insurance (number of vehicles: ) | $250.00 | $ SAME |
| Registration, License | $175.00 | $ " |
| Maintenance | $30.00 | $ " |
| Fuel and Oil | $80.00 | $ " |
| Commuting Expenses | $ | $ |
| Other Charges (Itemize) | $ | $ |
| TOTAL | $535.00 | $ " |

| SCHEDULE C: PERSONAL | Joint Marital Life Style Family, including 0 children | Current Life Style Yours and ___ children |
|---|---|---|
| Food at Home & household supplies | $ 250.00 | $ SAME |
| Prescription Drugs | $ 80.00 | $ " |
| Non-prescription drugs, cosmetics, toiletries & sundries | $ 80.00 | $ " |
| School Lunch | $ | $ |
| Restaurants | $ 40.00 | $ " |
| Clothing | $ 50.00 | $ " |
| Dry Cleaning, Commercial Laundry | $ | $ |
| Hair Care | $ 100.00 | $ " |
| Domestic Help | $ | $ |
| Medical (exclusive of psychiatric)* | $ 60.00 | $ " |
| Eye Care* | $ 200.00 | $ " |
| Psychiatric/psychological/counseling* | $ | $ |
| Dental (exclusive of Orthodontic)* | $ 300.00 | $ " |
| Orthodontic* | $ | $ |
| Medical Insurance (hospital, etc.)* | $ 80.00 | $ " |
| Club Dues and Memberships | $ | $ |
| Sports and Hobbies | $ | $ |
| Camps | $ | $ |
| Vacations | $ | $ |
| Children's Private School Costs | $ | $ |
| Parent's Educational Costs | $ | $ |
| Children's Lessons (dancing, music, sports, etc.) | $ | $ |
| Baby-sitting | $ | $ |
| Day-Care Expenses | $ | $ |
| Entertainment | $ | $ |
| Alcohol and Tobacco | $ | $ |
| Newspapers and Periodicals | $ | $ |
| Gifts | $ | $ |
| Contributions | $ 130.00 | $ " |
| Payments to Non-Child Dependents | $ | $ |
| Prior Existing Support Obligations this family/other families (specify) | $ | $ |
| Tax Reserve (not listed elsewhere) | $ | $ |
| Life Insurance | $ 50.00 | $ " |
| Savings/Investment | $ 150.00 | $ " |
| Debt Service (from page 7) (not listed elsewhere) | $ | $ |
| Parenting Time Expenses | $ | $ |
| Professional Expenses (other than this proceeding) | $ | $ |
| Other (specify) | $ | $ |
| *unreimbursed only — TOTAL | $ 2,190.00 | $ SAME |

Please Note: If you are paying expenses for a spouse and/or children not reflected in this budget, attach a schedule of such payments.

| | | |
|---|---|---|
| Schedule A: Shelter | $3,538.00 | $ SAME |
| Schedule B: Transportation | $535.00 | $ " |
| Schedule C: Personal | $2190.00 | $ " |
| Grand Totals | $6,263.00 | $ |

PART E - BALANCE SHEET OF ALL FAMILY ASSETS AND LIABILITIES

STATEMENT OF ASSETS

| Description | Title to Property (H, W, J) | Date of purchase/acquisition. If claim that asset is exempt, state reason and value of what is claimed to be exempt | Value $ Put * after exempt | Date of Evaluation Mo./Day/Yr. |
|---|---|---|---|---|
| 1. Real Property | | | | |
| 2. Bank Accounts, CD's | | | | |
| 3. Vehicles 2004 HYUNDAI SANTA FE | | NOVEMBER 2004 | $18,000 | |
| 4. Tangible Personal Property | | | | |
| 5. Stocks and Bonds NONE | | | | |
| 6. Pension, Profit Sharing, Retirement Plan(s) 401(k)s, etc. [list each employer] 457 NJ TRANSIT | | | $8,000 | 03/09 |
| 7. IRAs | | | | |
| 8. Businesses, Partnerships, Professional Practices | | | | |
| 9. Life Insurance (cash surrender value) | | | | |
| 10. Loans Receivable | | | | |
| 11. Other (specify) | | | | |

TOTAL GROSS ASSETS: $26,000
TOTAL SUBJECT TO EQUITABLE DISTRIBUTION: $ 0
TOTAL NOT SUBJECT TO EQUITABLE DISTRIBUTION: $26,000

STATEMENT OF LIABILITIES

| Description | Name of Responsible Party (H, W, J) | If you contend liability should not be considered in equitable distribution, state reason | Monthly Payment | Total Owed | Date |
|---|---|---|---|---|---|
| 1. Real Estate Mortgages CHASE | J | | $2300.00 | $314.00 | 05/2009 |
| 2. Other Long Term Debts TIME SHARE | J | | $110.00 | $3,000 | 05/2009 |
| 3. Revolving Charges | | | | | |
| 4. Other Short Term Debts | | | | | |
| 5. Contingent Liabilities | | | | | |

TOTAL GROSS LIABILITIES: $3,314.00
(excluding contingent liabilities)

NET WORTH: $ 3,314.00
(subject to equitable distribution)

Case # FM-07-2554-08

S. Brown's CIS financial statement

pg. 3

Exhibit D-2

Debtor did not include the required financial documents

**PART F - STATEMENT OF SPECIAL PROBLEMS**

Provide a Brief Narrative Statement of Any Special Problems Involving This Case: As example, state if the matter involves complex valuation problems (such as for a closely held business) or special medical problems of any family member etc.

I certify that the foregoing information contained herein is true. I am aware that if any of the foregoing information contained herein is willfully false, I am subject to punishment.

DATED: [illegible]/09 SIGNED: ____________

**PART G - REQUIRED ATTACHMENTS**

CHECK IF YOU HAVE ATTACHED THE FOLLOWING REQUIRED DOCUMENTS

1. A full and complete copy of your last federal and state income tax returns with all schedules and attachments. (Part C-1) ____
2. Your last calendar year's W-2 statements, 1099's, K-1 statements. ____
3. Your three most recent pay stubs. ____
4. Bonus information including, but not limited to, percentage overrides, timing of payments, etc.; the last three statements of such bonuses, commissions, etc. (Part C) ____
5. Your most recent corporate benefit statement or a summary thereof showing the nature, amount and nature of retirement plans, savings plans, income deferral plans, insurance benefits, etc. (Part C) ____
6. Affidavit of Insurance Coverage as required by Court Rule 5:4-2(f) (Part D-3) ____
7. List of all prior/pending family actions involving support, custody or Domestic Violence, with the Docket Number, County, State and the disposition reached. Attach copies of all existing Orders in effect. (Part D-5) ____
8. Attach details of each wage execution (Part C-3) ____
9. Schedule of payments made for a specific matter/children not reflected in Part D. ____
10. Any agreement between the parties. ____
11. An Appendix IX Child Support Guideline Worksheet, as applicable, based upon available information. ____

Missing paystub W2s, Income Tax

Adopted [illegible] to be effective [illegible]

Exhibit E

Contract of timeshare not listed on Schedule G

**PROMISSORY NOTE AND DISCLOSURE STATEMENT**

$ 6000.00 SCIOTA, Pennsylvania

JUNE 4, 2005

FOR VALUE RECEIVED, Ashar Ahmad & Shaketa Brown of 55 N. 21st Street E. Orange, NJ 07017 [illegible] hereby promises to pay to the order of Sciota Village Estates, Inc., a corporation with offices at P.O. Box 244, Sciota, Pennsylvania [illegible] (hereinafter with its successors and assigns being collectively called the "Seller or Creditor", at the above office of the Creditor, or at such other places as the Creditor may time to time designate, the principal sum of Five Thousand Four Hundred and XX/100 ($ 5400.00) DOLLARS, with interest at the rate of Sixteen Point Nine (16.9%) percent per annum, payable in the manner hereinafter provided.

**DISCLOSURE STATEMENT**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your downpayment of $ 600.00 |
|---|---|---|---|---|
| 16.9 % | $ 3843.36 e | $ 5400.00 | $ 9243.36 | $ 9843.36 |

Your Payment Schedule will be: e means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due | | |
|---|---|---|---|---|
| 84 | $ 110.04 | Monthly beginning Sept. 1, 2005 | | Monthly Installments |
| 1 | $ 193.07 e | Annual beginning Jan. 1, 2006 | | Maintenance Fee |

**SECURITY**

[illegible] security interest in: [illegible] membership being purchased. [illegible] a payment is late, you will be charged $5.00 or 5% of [illegible] whichever is greater. [illegible] If you payoff early, you: [illegible] will not have to pay a penalty [illegible] will not be entitled to a refund of part of the finance charge. [illegible] documents for any additional information about nonpayment, [illegible] required repayment in full before the scheduled date, and [illegible] penalties.

**ITEMIZATION**

| | |
|---|---|
| Sale Price of Membership | $ 6000.00 |
| Consumer's Initial Deposit | $ 600.00 |
| Proceeds forwarded to Creditor on your behalf | $ 5400.00 |

[illegible] hereby acknowledges that the Disclosure Statement set forth above forms a part of this Promissory Note and Disclosure Statement (hereinafter referred [illegible] "Promissory Note") and has been examined by the Purchaser and found to be complete and accurate in all respects.

[illegible] evidences a balance of the purchase price due from the Purchaser to the Creditor in the sale and membership by the Creditor to the Purchaser of [illegible] in the Township of Hamilton, Monroe County, Pennsylvania.

[illegible] is more than one person, all obligations under this Promissory Note shall be joint and several.

[illegible] hereby agrees to pay the principal amount of this Promissory Note, with interest at the rate above specified, in the manner set forth above; said monthly [illegible] to the payment of interest on the outstanding balance of principal at the rate above specified; then any late charges; and then to the reduction of principal.

In the event that any such monthly installment shall not be paid within ten days from the due date, the Purchaser agrees to pay the Creditor a late charge of $5.00 or [illegible] of such monthly installment, whichever is greater.

[illegible] shall not be deemed to postpone or change the amount of the monthly installments herein specified.

[illegible] acknowledges that the outstanding principal balance, with interest, will become due and payable upon the occurrence of certain events of Default [illegible]

The Purchaser acknowledges that the Creditor may assign this Promissory Note to ______ [illegible] by the Bank and the Purchaser agrees that upon notification that such assignment is effective, it will make all payments due hereunder and under the [illegible] at the address specified in such notice.

[illegible] for a period of 30 days after the due date thereof, and the Creditor gives the Purchaser written notice of the [illegible] at least fourteen (14) days prior to such date, or if any other Event of Default under the Note has occurred and is [illegible] principal balance, with accrued interest, as well as all other sums then due and owing to the Creditor hereunder and under the Note, [illegible] (collectively, the "indebtedness") shall become immediately due and payable, without presentment, demand, protest, or [illegible] and the Creditor shall thereupon be entitled to place this Promissory Note in the hands of an attorney for collection, and also to exercise all remedies [illegible] to the Creditor at law or in equity, to enforce collection of the indebtedness, together with a reasonable attorney's fee of thirty-five [illegible] whichever is the larger amount, or the maximum legal amount provided by law, plus any legal proceedings instituted.

[illegible] by the Creditor shall not constitute a waiver of any subsequent default.

This Promissory Note is [illegible] to be a Contract under the laws of the Commonwealth of Pennsylvania and for all purposes shall be construed in accordance with such laws.

Purchaser Sign Here     Purchaser Sign Here

IN WITNESS WHEREOF the Maker has caused this Promissory Note to be duly executed this 4 day of [illegible]

Witness:

WHITE & YELLOW COPIES – COMPANY'S COPIES    PINK COPY – PURCHASER'S COPY

---

B6G (12/07)

Shaketa Brown, Debtor    Case No. ______

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|

Timeshare payment is listed on pg. 22 of petition Statement 17

0 continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037   Best Case Bankruptcy

---

B6H (12/07)

Shaketa Brown, Debtor    Case No. ______

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

Co-signer on Mortgage Note

0 continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037   Best Case Bankruptcy

---

10/16/2009 10:36 FAX [illegible] HYLAND & ASSOCIATES

LAW OFFICES OF
STEPHEN J. HYLAND
212 Haddon Avenue, Suite 1
Westmont, NJ 08108
(856) 854-7600
Fax (609) 955-0556
www.stephenhyland.com

VIA FACSIMILE (908-~~654-3883~~) 232-6317 & US CERT. MAIL R/R/R

October 16, 2009

Estelle Flynn Lord, Esq.
111 Quimby Street, #1
Westfield, NJ 07090

Re: Ahmad v. Brown, FM-07-2554-08

Dear Ms. Lord:

I am responding to your letter of September 25, 2009, in which you assert that your client intends to "take up residence" at the East Orange home, beginning November 1, 2009. You state that "your client has every legal right" to do so, "inasmuch as she is a co-owner" of the house.

I remind you, however, that the house is part of the bankruptcy estate, and that your client's interest in the house is disputed. Thus, your client is among the creditors of Ms. Brown's estate.

By this letter, I am placing you on notice that any attempt by your client to "take up residence" or otherwise assert her interest at this time will be construed as an "act to obtain possession of property of the estate ... or to exercise control over property of the estate." 11 U.S.C. §362(a)(3). Such an act, in addition to an "attempt to recover a claim against a debtor" as well as any "issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement," 11 U.S.C. §362(a)(1), of Ms. Brown's bankruptcy filing constitutes a willful and knowing violation of the automatic stay.

I advise you and your client to review 11 U.S.C. §362, particularly 362(h)(1), which addresses the penalties that can be assessed against creditors, and their counsel, who knowingly violate the stay.

Very truly yours,

Stephen J. Hyland, Esq.
Attorney for Shaketa Brown

Cc: J. Wise, Esq.
S. Brown
File

S. Brown's attorney referring A. Ahmad as a "creditor"

1

6J (12/07)

...keta Brown Debtor(s) Case No. ______

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| Item | Amount |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 2,389.00 |
| a. Are real estate taxes included? Yes ___ No _X_ | |
| b. Is property insurance included? Yes ___ No _X_ | |
| 2. Utilities: a. Electricity and heating fuel | $ 190.00 |
| b. Water and sewer | $ 65.00 |
| c. Telephone | $ 189.00 |
| d. Other | $ 0.00 |
| | $ 106.00 |
| 3. Home maintenance (repairs and upkeep) | $ 438.00 |
| 4. Food | $ 150.00 |
| 5. Clothing | $ 80.00 |
| 6. Laundry and dry cleaning | $ 100.00 |
| 7. Medical and dental expenses | $ 80.00 |
| 8. Transportation (not including car payments) | $ 270.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 200.00 |
| 10. Charitable contributions | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | $ 150.00 |
| a. Homeowner's or renter's | $ 50.00 |
| b. Life | $ 0.00 |
| c. Health | $ 100.00 |
| d. Auto | $ 0.00 |
| e. Other | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | $ 0.00 |
| a. Auto | $ 0.00 |
| b. Other | $ 0.00 |
| c. Other | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 100.00 |
| 17. Other Daughter's School Expenses | $ 140.00 |
| Other Time Share Payments/Maintenance | |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 4,783.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---|
| a. Average monthly income from Line 15 of Schedule I | $ 4,675.05 |
| b. Average monthly expenses from Line 18 above | $ 4,783.00 |
| c. Monthly net income (a. minus b.) | $ -107.95 |

Timeshare not listed on Sched. G

3. Payments to creditors

None ■ *Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■ c. *All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| U.S. Bank v. Shaketa Brown | Notice of Intent to Foreclosure | Superior Court of NJ | Pending |
| Essex Pain vs. Shaketa Brown: DC-711-09 | Collection | Superior Court of NJ: Special Civil Part | Settlement |

None ■ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

Case FM-07-2554-08 is not listed

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

10. Other transfers

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■ b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

11. Closed financial accounts

None ■ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

12. Safe deposit boxes

None ■ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

13. Setoffs

None ■ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

14. Property held for another person

None ■ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

Timeshare, Debtor has taken over the payments as of 8/2008

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

SUPERIOR COURT OF NEW JERSEY FAMILY DIVISION ESSEX ... MAY 9 ... FINANCE DIVISION RECEIVED/PAID

Estelle Flynn Lord, Esq.
111 Quimby Street, Suite #1
Westfield, New Jersey 07090
(908) 654-3883
Attorney for: Plaintiff

| | |
|---|---|
| Plaintiff<br>AMINA AHMAD<br>vs.<br>Defendant<br>SHAKETA BROWN | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY<br>CHANCERY DIVISION- FAMILY PART<br>DOCKET NO.: FM-07-2554-08<br>CIVIL ACTION<br>TERMINATION OF DOMESTIC PARTNERSHIP COMPLAINT |

5/9/2008 Motion filed by A. Ahmad

Plaintiff, AMINA AHMAD, residing at 380 Mt. Prospect Avenue, Apt. 16F, in the City of Newark, County of Essex and State of New Jersey, being of full age, by way of complaint hereby states:

FIRST COUNT

1. Plaintiff entered and registered a Domestic Partnership with defendant Shaketa Brown in East Orange, New Jersey on October 26, 2004. (A copy of the Domestic Partnership Agreement dated October 26, 2004, is annexed hereto as Exhibit A)

2. Defendant, SHAKETA BROWN, resides at 55 North 12th Street, East Orange, New Jersey 07017, and resided there at the time the cause of action arose.

3. Plaintiff was bona fide resident of Essex County, State of New Jersey for one year next preceding the date the cause of action for termination of domestic partnership arose, and has continued to be a bona fide resident.

4. On or about October 31, 2003, the parties jointly purchased real property located at 55 North 12th Street, East Orange, New Jersey, and resided there during the course of their domestic partnership.

2

LAW OFFICES OF STEPHEN J. HYLAND
212 Haddon Avenue, Suite 1
Westmont, New Jersey 08108
(856) 854-7600
Attorneys for Defendant, Shaketa Brown

| AMINA AHMAD, Plaintiff v. SHAKETA BROWN, Defendant | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION, FAMILY PART: ESSEX COUNTY<br>DOCKET NO. FM-07-2554-08<br>CIVIL ACTION<br>STIPULATION EXTENDING TIME TO ANSWER COMPLAINT |
|---|---|

It is hereby stipulated and agreed among Estelle Flynn Lord, Esq., attorney for plaintiff Amina Ahmad, and the Law Offices of Stephen J. Hyland, attorneys for defendant, Shaketa Brown, that the time for defendant to answer or otherwise move as to the Complaint is extended until January 31, 2009.

ESTELLE FLYNN LORD, ESQ.
Attorney for Plaintiff

By: [signature]
Estelle Flynn Lord

LAW OFFICES OF STEPHEN J. HYLAND
Attorneys for Defendant

By: [signature]
Stephen J. Hyland

Dated: January 26, 2009

Debtor requesting ~~extension~~ extension to answer complaint

1

Estelle Flynn Lord, Esq.
111 Quimby Street, Suite #1
Westfield, New Jersey 07090
(908) 654-3883
Attorney for Plaintiff, Amina Ahmad

| Plaintiff<br>AMINA AHMAD<br>vs.<br>Defendant<br>SHAKETA BROWN | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY<br>CHANCERY DIVISION- FAMILY PART<br>DOCKET NO.: FM -07-2554-08<br>CIVIL ACTION<br>INTERROGATORIES PROPOUNDED UPON DEFENDANT |
|---|---|

TO: STEPHEN J. HYLAND, ESQ.
212 Haddon Avenue, Suite 1
Westmont, New Jersey 08108
Attorney for Defendant

SIR:

PLEASE TAKE NOTICE that the undersigned attorney for the Plaintiff hereby requires that Defendant respond to the within request for interrogatories within the time required by R. 4:18.1.

ESTELLE FLYNN LORD, ESQ.
Attorney for the Plaintiff, Amina Ahmad

By: [signature]
ESTELLE FLYNN LORD, ESQ.

Dated: 5/26/09

Debtor/Defendant still has not answered the above, subsequently filed her petition on 9/9/09

LAW OFFICES OF STEPHEN J. HYLAND
212 Haddon Avenue, Suite 1
Haddon Township, New Jersey 08108
(856) 854-7600
Attorney for Defendant, Shaketa Brown
BY: STEPHEN J. HYLAND, ESQ.

| AMINA AHMAD, Plaintiff v. SHAKETA BROWN, Defendant. | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION, FAMILY PART ESSEX COUNTY<br>DOCKET NO. FM-07-2554-08<br>CIVIL ACTION<br>ANSWER TO COMPLAINT AND COUNTERCLAIMS |
|---|---|

Defendant, SHAKETA BROWN, residing at 55 North 21st Street, East Orange, New Jersey, hereby enters and Appearance in the above-entitled action in order to be heard on the issues indicated below:

FIRST COUNT

1. Defendant admits the allegations of paragraph 1.
2. Defendant admits the allegations of paragraph 2.
3. Defendant admits the allegations of paragraph 3.
4. Defendant admits that parties purchased real property located at 55 North 12th Street, East Orange, New Jersey, as tenants in common, and that the parties jointly resided there until March 2007, when the parties separated. The remaining allegations contained in this paragraph are denied.
5. Defendant denies the allegations of paragraph 5 and leaves plaintiff to her proofs.

1

Debtor's counterclaim not listed in petition

CD's still mounted on wall as of 12/2/2008

Possesses 2 large bookshelves and 1 small located in SunRoom (small room by driveway)

Annie Lee painting hanging over bed as of 12/2/2008



CD player - see page 9 - Statement 5 - Schedule B
Antiques left in house at time of purchase in basement
12/02/2008
12/02/2008
Daughter's bedroom - has not lived with Debtor since 2007,

SEE pg. 9 Original painting 97/1000
hanging in dining
12/02/2008
Stone Bliss = Business EIN # was assigned
09/03/2008
SEE pg. 9 - Statement 5 Sched B
CD, books
see pg. 9 - Statement 5 - Sched B
Books (Favorite author is James Patterson)